UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER ECHEVARRIA,

    Plaintiff,

vs.                                                          Case No. 8:12-cv-2919-T-24-TGW

MARCVAN RESTAURANTS, INC.,

    Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiff Jennifer Echevarria's motion for entry of default judgment as to liability against Defendant Marcvan Restaurants, Inc. [Doc. 17]. For the reasons discussed below, the Court grants Plaintiff's motion.

### I. Background

On December 27, 2012, Plaintiff filed a complaint against Defendant for retaliation in violation of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and the Family Medical Leave Act ("FMLA"). [Doc. 1]. Defendant was served with Plaintiff's complaint on January 3, 2013. [Doc. 12]. Defendant failed to plead or defend.

On February 5, 2012, the Clerk entered a default against Defendant. [Doc. 9]. Plaintiff moves the Court for entry of default judgment as to liability against Defendant. [Doc. 17].

### II. Legal Standard

The Clerk enters default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Rule 55(b)(2) further provides:

> [T]he party entitled to a judgment by default shall apply to the court . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper . . . .

Entry of a default judgment requires the Court to find that there is a sufficient basis in the pleadings. *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd*. 218 F.Supp.2d 1355, 1359 (M.D. Fla. 2002) (citing *Nishimatsu Construction v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)). A default judgment cannot stand on a complaint that fails to state a cause of action. *GMAC*, 218 F.Supp.2d at 1359 (citing *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)).

### III.   Discussion

The FLSA protects persons against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3). A prima facie case of FLSA retaliation requires Plaintiff to show that: (1) she engaged in protected activity under the FLSA; (2) she suffered an adverse action by her employer; and (3) a causal connection exists between her activity and the adverse action. *See Wolf v. Coca–Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000).

In Count I of Plaintiff's complaint, Plaintiff alleges that she was employed by Defendant and covered by the FLSA. [Doc. 1 at ¶¶ 9-12]. Further, she alleges that she complained to Defendant that she was not paid the federal minimum wage under the FLSA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FLSA violation. [Doc. 1 at ¶¶ 16, 19]. The Court finds that Plaintiff's complaint states a claim for retaliation under the FLSA. Accordingly, the Court grants Plaintiff's motion for entry of default judgment as to liability for Count I against Defendant.

The FMWA protects persons against retaliation for exercising rights protected by Florida's constitutional amendment governing the right to a minimum wage, Article X, section 24, Florida Constitution. *See* Fla. Stat. § 448.110(5). Protected rights include, but are not limited to, the right to file a complaint, to inform any person about any party's alleged noncompliance, and to inform any person about his or her potential rights pursuant to the constitutional amendment. *Id.*

In Count II of Plaintiff's complaint, Plaintiff alleges that she complained to Defendant that she was not paid the state minimum wage under the FMWA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FMWA violation. [Doc. 1 at ¶¶ 16, 19]. The Court finds that Plaintiff's complaint states a claim for retaliation under the FMWA. Accordingly, the Court grants Plaintiff's motion for entry of default judgment as to liability for Count II against Defendant.

The FMLA protects against retaliation for exercising rights under the FMLA. *See* 29 U.S.C. § 2615(a)(2). In order to state a prima facie case of FMLA retaliation, Plaintiff must allege that: (1) she engaged in protected activity under the FMLA; (2) she suffered an adverse action by her employer; and (3) a causal connection exists between her activity and the adverse action. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006).

In Count III of Plaintiff's complaint, Plaintiff alleges that she notified Defendant of a health condition requiring her to take FMLA leave and that Defendant terminated her instead of approving her FMLA leave. [Doc. 1 at ¶¶ 17-18]. The Court finds that Plaintiff's complaint states a claim for retaliation under the FMLA. Accordingly, the Court grants Plaintiff's motion for entry of default judgment as to liability for Count III against Defendant.

### IV.     Conclusion

Plaintiff's Motion for Default Judgment is **GRANTED**. Pursuant to Rule 55(b), the Court will conduct an evidentiary hearing on May 15, 2013 at 10:30 a.m. to determine the amount of Plaintiff's damages and any other relief requested.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of May, 2013.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record and Parties